Carr, J.
This demurrer is so loosely pleaded, that I feel some unwillingness to tolerate it. It is, simply, that the defendant demurred generally, without saying whether to the scire facias or the recognizance of bail. It may be presumed that it is to the recognizance; for, if the purpose were not to object to it, there could have been no reason for demanding oyer of it. Accordingly, the counsel in support of the demurrer, made his first attack upon the recognizance ; though he did also take the position, that the scire facias was defective in not stating that the distringas had been superseded for the specific thing, and the ca. sa. issued.
With respect to the recognizance, I cannot see any substantial defect in it. I have examined the subject with my best care, and looked into the scanty materials which the books furnish us on the subject of detinue, and the proceedings in it; but they give me no light. Our statutes must guide us, together with the reason of the case, and the analogies of the law. In actions of debt &sc. where bail is required, the undertaking of bail is, that if the principal be cast, the principal will pay and satisfy the condemnation of the court, or render his body to prison in execution for the same, or that the bail will do it for him. Upon this undertaking, the bail is never considered as fixed for the debt, unless the debtor has failed both to pay or to render his body; and to prove that he has failed, there must be a ca. sa. issued without effect, before the scire facias can issue against the bail. In actions of detinue, the statute directs that the recognizance shall be so changed, as to subject the bail, to the *468 restitution of the thing, or the alternative value, as the court may adjudge. With respect to these words, as the court may adjudge, it seems to me that they refer to the alternative value; meaning, that the bail shall be subjected to the reslitution of the specific thing, or the alternative value, as fixed in the judgement of the court. This idea is founded, in some degree, on a clause of the execution law, which being in pari materia, may be taken as a part of the same statute : “ if a d/istringas issue in detinue, the court, for good cause shewn, may direct it to be superseded, so far as it relates to the specific thing, and to be executed for the alternative price or value only, if fixed in the judgement, or if the same shall afterwards be fixed by a writ of inquiry.” It strikes me, that the judgement of the court, in these two passages, relates to the same thing. By the words as the court may adjudge, the law cannot mean, that the bail shall restore the thing, or pay the value, as the court may adjudge that he shall do the one or the other; for we know that the court has no such power. I do not, however, consider these words as having much bearing on the questions involved. The bail, in detinue, undertakes that the defendant shall restore the specific thing, or pay the condemnation of the court, or render his body to prison in execution for the same, or that he will do it for him. If the principal does either of these things, the bail is discharged; if he does neither, the bail is liable. Now, I think, that a careful examination of this recognizance will satisfy any one, that the bail is substantially bound, according to the requisitions of the law; that the doing of either of these three things by the principal, will release him, and that he can only be rendered liable by his doing- none of the three. Neither the alternative value, nor the render of the body, can be demanded till the distringas is superseded ; nor can there be a failure in the render, till a ca. sa. (as in all other cases) has issued ineffectually.
With some of my brethren, the chief difficulty in the case, seems to be the failure in the scire facias to allege, *469 that the court had superseded the distringas, and awarded T . . , , . m the ca. sa. I cannot think this was necessary, io my mind the scire facias sets out the record of the judgement with sufficient fulness; and if the fact were, that there had been no supersedeas of the distringas, and award of other executions, this should have been shewn.by plea.
Examine the scire facias:—after stating the judgement with all its particulars, and the undertaking of the bail, the writ states, that Lehew, the principal, had not restored the chattels to Cloud, the plaintiff, nor paid the alternative values thereof and the costs, nor surrendered his body to prison, nor Catlett for him. Are not these allegations, in this judicial writ, founded upon the express ground, that the supersedeas and ca, sa. have been awarded? How could the principal be said to have failed to pay the condemnation, or deliver his body in execution, if there had been no ca. saA and how could the bail be said to have forfeited his recognizance by not doing it for him, until a ca. saA And when he is called on to shew cause why Cloud should not have execution against him of the judgement aforesaid according to the form and effect of the recognizance, can he fail to understand, that this takes for granted the superseding the distringas, and issuing the ca. sa. ?■ Is it not a fair call on him to plead the want of these prerequisites to charge him, if the fact would support him ? What is this superseding order of court? Is it a judgement? surely not: such an idea supposes two judgements for the same thing in the same cause. For, in the original proceeding, the verdict was for the chattels if to be had, if not then their alternative value ; and the judgement of the court followed it exactly. The order, then, was no judgement; there was nothing to be adjudged ; but the court, upon the motion of the plaintiff, without notice even, being informed, that their process of distringas was ineffectual, superseded it, and opened to the plaintiff the common law process of execution. Was this ever denied ? is it not a motion of course ? Look at *470 the effect of the distringas: it commands the sheriff to dis-train the defendant by his goods and chattels, lands and tenements, so that neither he nor any person by his authority, may lay hands on them; and the sheriff takes house, lands, and goods, and receives the issues and profits, until the defendant produce the specific thing of the value of so much, or the value if the thing is not to be had; and when the defendant in contempt, stands out against this severe and rigorous process, and frustrates the judgement of the court, and the justice of the case, can it be supposed, that the court would hesitate, at the motion of the plaintiff, whose sole concern it is, to award hi'm the other executions, which issue in the commonest cases ? Assuredly, not. As far as my experience goes, the plaintiff in such case has only to shew, that the distringas has been ineffectual, and that he wishes it superseded; it is done of course. And why need this be stated in the scire facias, more than any other motion made in a cause ? Why more than to state in every scire facias against bail, that a ca. sa. has issued ? In no case, can you come upon the bail by scire facias, unless you have issued a ca. sa. without effect, by which the bail has had notice, that the body is demanded. And if you omit this, the bail may defeat the scire facias, but not by demurrer. Thus in Williams v. Vaughan, Cro. Jac. 97. Moor 775. Williams brought scire facias against Vaughan, who was bail for Couch, in debt; and set forth the judgement, and that Couch had not rendered his body, nor paid the condemnation; Vaughan demurred, because it was not alleged that a ca. sa. issued first against the principal; sed non allocatur. And I rather think, that, since that time, it has not been attempted, at least I have met with no later attempt.
I think the scire facias good, and am for reversing the judgement, and awarding execution for the alternative value.
Cabell, J. concurred.
*471 Tucker, P. I do not think there is any defect in the recognizance; but I am of opinion that the scire facias is defective.
It seems to be agreed, on all hands, that the bail is only to be responsible upon the failure of the principal to perform the whole of the alternatives mentioned in the recognizance. One of them is to render his body to prison in execution for the alternative value, not for the specific thing, for that is only to be obtained by distringas. The failure to perform this requisition, can only be ascertained by the return of a ca. sa. non est inventus, as some of the books say; or, as it is said in others, the issue and return is necessary to notify the bail that the plaintiff designs to proceed against him; but all agree that the ca. sa. is essential to sustain the scire facias.
In setting forth his right of action in the scire facias, the plaintiff must, as in every other case, shew his title to a judgement. It is true, that in the scire facias it is not necessary to set forth the issue and return of the ca. sa. for the want of it is a matter that must come out in the defendant’s plea. Yet the scire facias must, in every case, shew a title to the thing for which the plaintiff demands judgement, even supposing a ca. sa. has properly issued. In the action of debt, he shews a judgement for a sum certain, and he demands a judgement against the bail for that sum, which the bail was bound to pay him. But in detinue, the judgement is for the property, not for the price. From an examination of the old books of entries, I find, that the judgement, when by default or on demurrer, was formerly entered in the first instance, for the specific thing; and upon the return that it could not be had, hut not till then, a writ of inquiry of the value was awarded, and a second judgement was entered for the alternative value. Coke’s Entries 169.b 3 Blacks. Com. 413. This may possibly have given rise to the phrase in our statute, “ as the court shall adjudge,” so much commented on at the bar. But where an issue is made up between the parties, the jury who try the issue, find *472 the value, and judgement is entered for the specific thing or for the alternative value if it cannot be had. Upon this judgement a distringas issues, and upon that distringas, the sheriff is only entitled to receive the specific thing. He cannot receive the alternative' value though tendered by the defendant, without a previous direction of the court that the distringas shall be superseded for the specific thing. Nor can the plaintiff direct him to levy for the alternative value, without a like direction. Neither party, therefore, can change the character of the judgement without the order or judgement of the court. This order, superseding the distringas for the specific thing, and directing it to be executed for the alternative value, is in strict analogy to the second judgement I have mentioned. And the provision requiring an order of the court for the conversion of the judgement for the specific thing into a judgement for the value—in other words, converting the action, in effect, from detinue to trover—is most wisely given. For the propriety of superseding the distringas for the specific thing, may depend upon various circumstances. One effect of the order is to change the property; to vest the specific thing in the defendant, and a right to its value in the plaintiff. Now, if the property is eloigned, or has been sold by the defendant, the order is most proper. But, if the slave be dead since the judgement, there would seem to be little reason in compelling the defendant to pay the value : certain it is, this court has been divided on the question on whom the loss would fall, in case of death of the slave before verdict; Austin’s ex’or v. Jones, Gilm. 341. Be this as it may, it would certainly be inconsistent with every received principle to permit the defendant to keep the property against the will of the plaintiff, if the value found by the jury was inadequate, or to permit the plaintiff to waive the claim to the property itself, and take the alternative value, if that value was enhanced. Until such an order of court can be shewn, the plaintiff should not have, and certainly has not, any money demand against the defendant.
*473 Now, it seems to me, that as the scire facias calls upon the bail to shew cause why judgement shall not be rendered against him, which judgement can only be for money, it should appear on the face of the process itself, that an order had been made superseding the distringas for the specific thing, and directing it to be executed for the alternative value only. For how, in case of default, can the court see a justification for a judgement for the value ? Or how, if this demurrer were overruled, can this court see that the plaintiff is entitled to judgement for it? It may be said, that as there is no defence, it will be implied, in like manner, as the issue and return of the ca. sa. will, in such case, be implied. But to this the answer is obvious; that though the court may well imply an act of the party, namely, the issuing of the ca. sa. it cannot properly imply an act of the court. It could not, for instance, imply the original judgement of the court. The parly must shew that judgement, as the foundation of his demand. But the order to supersede the distringas, is itself a judgement. It is the decision of the court upon a judicial question submitted to it, which, as has been shewn, completely changes the rights of the parties. Again; though the court, upon default of the defendant, may imply, and does imply, the act of issuing a ca. sa. yet I do not think the right to issue it can be left to implication. The scire facias must shew a right to take the body, before the bail can be charged for an omission to render it in execution : for, although the undertaking is that the defendant shall do some one or other of several things, yet, after all, the bail cannot be responsible until there has been a failure in all, and the last of them is the surrender of the body.
I have diligently searched the books of entries for the forms of scire facias against bail in detinue, but in vain. I have not been fortunate enough to find even a recognizance of bail in that action. I have been, therefore, compelled to examine the question upon the reason of the thing and the analogies of the law; and upon this examination I am satis *474 fied, that the scire facias is defective, and that the judgement should be affirmed.*
Judgement reversed, and judgement entered for the appellant.

 Note by the president. I think, that after the recital of the original judgement, concluding thus, “ whereof the said S. Lehew was convict as appears of record,” the scire facias should have proceeded to recite something after this form—“ And whereas afterwards, to wit, on the-day of-, at a circuit court continued and held for the said county, it was by the judgement of the said court, on the motion of the said D. Cloud, ordered that the distringas be superseded as to the specific thing recovered by the said judgement, and that the same be executed for the alternative price or value; and whereas, afterwards, to wit, on the-day of-, at a circuit court continued and held for the said county, it appearing to the court, that the distringas theretofore awarded the plaintiff was unavailing, upon the motion of the plaintiff, it was ordered, that he have execution against the said S. Lehew, as well for the alternative value of the said property as for his damages and costs adjudged to him as aforesaid.”